## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 00-00123-KD-N |
| | ) Criminal Action No. 04-00103-KD-N |
| ROBERT PERKINS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on defendant Robert Perkins' Motion to Correct a Sentence pursuant to Rule 35(a) (Criminal Action No. 00-00123-KD-N (doc. 126); Criminal Action No. 04-00103-KD-N (doc. 89). Perkins moves the Court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, to correct his federal sentence. He also moves the Court, pursuant to the First Step Act, to recalculate his good time credit under the First Step Act, Pub. L. No. 115-391 (2018).

Perkins has been intermittently imprisoned since 1993. In June 1993, he was convicted and sentenced for the offenses of postal theft and forgery. *See United States v. Perkins,* 93-cr-00031-AH-C (S.D. Ala. 1993). In 1995, his term of supervised release was revoked and he served eight months. In 2000, Perkins was again convicted and sentenced for similar offenses – theft of mail, conspiracy to possess stolen mail, forgery. *See United States v. Perkins,* 00-cr-00032-KD-N (S.D. Ala. 2000) and *United States v. Perkins,* 00-cr-00123-KD-N (S.D. Ala. 2000). He was released in April 2004.

Perkins was serving his term of supervised release when he committed the offense of theft or receipt of stolen mail. In November 2004, he was convicted and sentenced to 46 months in prison and 36 months of supervised release. *See United States v. Perkins,* 04-cr-00103-KD-N (S.D. Ala. 2004). Also, in 00-cr-00032-KD-N, Perkins was revoked and sentenced to 24 months, concurrent with 00-cr-00123-KD-N, but consecutive to the sentence in 04-cr-00103-KD-N. In 00-cr-00123-

KD-N, Perkins was revoked and sentenced to 27 months, concurrent with 00-cr-00032-KD-N, but consecutive to the sentence in 04-cr-00103-KD-N.

In December 2009, he began serving his 36 months of supervised release. However, Perkins violated his conditions by absconding supervision and a warrant issued in January 2010. Perkins was arrested in July 2010, he was revoked in August 2010, and sentenced to 24 months with no supervised release to follow.

In June 2010, during the time between absconding and arrest, Perkins committed similar offenses – theft or receipt of stolen mail (debit card and driver's license) and making and possessing forged checks. He was convicted and sentenced in February 2011, to a term of 72 months, consecutive to the 24-month revocation sentence imposed in 04-cr-00103-KD-N, with 36 months of supervised release to follow. *United States v. Perkins,* 10-cr-00212-JB-C (S.D. Ala. 2010). In August 2017, Perkins was again released on supervision. However, in September 2018, his term of supervised release was revoked and he was sentenced to 24 months, with no supervised release to follow. Perkins is presently serving this sentence.

Perkins now moves the Court to correct his November 2004 revocation sentence in 00-cr-00123-KD-N. Perkins alleges that the Court gave him a "'stacked' term of 27 months supervised release, when the 'statutory maximum' should only carry a maximum term of supervised release of 24 months" (docs. 126, 89, p. 2-3). Although Perkins refers to the 27 months as a term of supervised release, he seems to argue that the 27-month sentence should have been 24 months, pursuant to the Sentencing Guidelines for the type of felony offense committed.

Perkins moves pursuant to Rule 35(a). The Rule provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Court of Appeals for the Eleventh Circuit has held that the 14-day time period during "which a district court may act to correct a sentence is jurisdictional".

*United States v. Fawcett*, 522 Fed. Appx. 644, 652 (11th Cir. 2013). Perkins was sentenced in November 2004. The 14-day time period has long passed. Therefore, the Court does not have jurisdiction to address Perkin's motion. Accordingly, the Rule 35(a) Motion is DISMISSED for lack of jurisdiction.

Perkins also moves the Court to "make a ruling that he would be considered eligible to receive … the seven day per year retroactive … good time that all federal bureau of prisons inmates are now going to receive" pursuant to the First Step Act (docs. 126, 89, p. 6). Perkins states that since he entered the federal prison system in June 1993 (and has been imprisoned intermittently since that time) he would have 180 days that could be applied to the 24-month revocation sentence that he is now serving.

The First Step Act directs the Attorney General acting through the Director of the Bureau of Prisons to take certain actions regarding the calculation of good time credit for federal prisoners, including determinations of eligibility. *See* 18 U.S.C. § 3632; 18 U.S.C. § 3624. The Act did not give the federal courts authority to make eligibility determinations or calculate the good time credit. *See United States v. Kamber*, 2019 WL 399935, at *2 (S.D. Ill. Jan. 31, 2019) (slip copy) ("To the extent the defendant asks the Court to order other relief under the First Step Act such as, for example, additional sentence credit, the Bureau of Prisons will determine how to implement those portions of the act. Should the defendant dispute that determination, he may then file a lawsuit after exhausting administrative remedies."). Accordingly, Perkins' Motion is DISMISSED for lack of jurisdiction.

**DONE** and **ORDERED** this 27th day of February 2019.

                                                <u>s/ Kristi K. DuBose</u>
                                                **KRISTI K. DuBOSE**
                                                **CHIEF UNITED STATES DISTRICT JUDGE**